IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TONYA MAGLEY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | NO. _____ |
| | § | |
| INDIGO SLATE,  A ZENZAR | § | |
| COMPANY | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF ORIGINAL COMPLAINT

Plaintiff, Tonya Magley files her Original Complaint against Indigo Slate, a Zenzar Company ("IS" or "Company"), and states:

## SUMMARY

1. This is an age discrimination lawsuit arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §623 and for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. First, Defendant IS, through several younger co-workers, subjected Magley to humiliating and age-based inappropriate conduct contained in a PowerPoint presentation to a Company client. Magley was 59 years old at that time and the discriminating co-workers (two of them) were both in

1

their 30s.  Her younger co-workers pasted a Dilbert cartoon lampooning Magley as an old woman.  Magley complained about this conduct directed toward her to Company management but IS did not conduct a thorough and complete investigation.  Indeed, IS did not discipline the younger employees based on their inappropriate conduct.  Rather, IS buried its corporate head in the sand and did nothing to assure Magley that the discriminatory age-related conduct would stop.  Instead, IS retaliated against her and continued to subject her to a hostile work environment because of her age.  Ultimately, IS's actions forced her to resign from her IS employment.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over Plaintiff's federal Age discrimination, hostile work environment, retaliation, and constructive discharge under the ADEA, 29 U.S.C. § § 621-634, and the Fair Labor Standards Act (FLSA), 29 U.S.C. § § 201-219, for unpaid overtime wages because the claims arise under this Court's federal question jurisdiction.  *See* 28 U.S.C. § 1331 (conferring subject matter jurisdiction over federal claims). In turn, venue is proper in this Court because Defendant IS conducts business in Houston, Texas, and all or substantially all of the events giving rise to Magley's claims occurred in Houston, Texas.  28 U.S.C. § § 1390-1391.

## SERVICE OF PROCESS

3. Defendant Indigo Slate, a Zenzar Company, may be served through its registered agent for service of process to the Texas Secretary of State because IS currently has no registered agent for service in Texas. The Texas Secretary of State is located at 1019 Brazos Street, Austin, Texas 78701. Magley has also served process by certified mail, return receipt requested, to the registered agent for Defendant located at 14475 NE 24th Street, STE 110, Bellevue, Washington 98007.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES UNDER THE ADEA AND THE FLSA

4. Magley filed her Discrimination Charge with the Equal Employment Opportunity Commission ("EEOC") on July 1, 2021, in which she alleged age discrimination under the ADEA. Further, Magley, in this Original Complaint files her overtime claim under the FLSA within the FLSA two-or three-year statutes of limitation. 29 U.S.C. The EEOC issued its Right-to-Sue Letter to Magley on July 20, 2021. Accordingly, Magley has properly filed this lawsuit within the 90-day period to file an ADEA claim. Magley has also satisfied the statutory conditions to pursue her overtime wages claim under the FLSA.

## FACTUAL BACKGROUND

5. Plaintiff Tonya Magley began work with IS on January 27, 2020.  Magley is a 59-year-old female.

6.  IS is a subsidiary of Zenzar, which provides professional services for Program Management – in this case for Microsoft Corp.  Magley began work as a Program Manager running projects for Microsoft Corp., namely, she tracked schedules and budgets for Microsoft project teams. Magley was never the "lead" on her team, nor did she supervise any IS employees; rather, she worked in IS's consulting section.

7. Magley reported to her supervisor, Matt Casperson. Casperson, in turn, reported to Sandy Sharma, a Company Co-Founder (Indian).   Many employees, including Magley, have witnessed Sharma openly state, upon learning newly assigned Microsoft clients were Indian, that his Indian heritage was a huge advantage, stating "it always helps to have an Indian Mob" to sell IS's services.

8. During Magley's employment in May 2021, two co-workers Sadhna Ratadia and Tony Malaj, both in their 30s, cursed and yelled in a public forum at her; accordingly, Magley immediately reported the inappropriate behavior of the co-workers to the Vice President, Rob O'Dell, by email and scheduled one-

on-one meetings to discuss the issues with O'Dell. Unfortunately, O'Dell did not show up for the meetings.

9.  Thereafter, in mid-May 2021, Magley sent a link to a meeting recording with the Client to show the VP (Rob O'Dell) of the team's disrespectful attitude towards Magley's recommendations in front of the Client, even after the Client repeatedly stated that Magley's recommendations were on point. IS management did nothing to investigate these incidents.

10. Additionally, two co-workers in their 30s, Sandy Ratadia (age 37) and Tony Malaj (age 39), used a "Dilbert" cartoon showing an 80-year-old grandma over Magley's face in a formal presentation to Microsoft Corporation Director Clients when IS displayed an organization chart of the team. This was done as a formal slideshow presentation to the client. To be sure, this was done without an internal IS team review and violated IS's corporate policy. IS used the derogatory cartoon without Magley's consent. Sadhna also used the derogatory term "God damn" in speaking with Magley. In turn, Tony used the derogatory term "Jesus Christ" in a meeting with Magley and other co-workers.

11. The IS co-owner, Aaron Duggal, agreed that the slide show presented to Microsoft Corporation Directors without an internal IS team review violated the Company's policy; he also shared that he was aware of tensions on this

team since February 2020, and agreed that management did nothing to investigate the incidents. Moreover, Duggal apologized to Magley about IS's failure to address her complaints and opined that Magley was doing a good job.

12. For example, in early 2021, Aaron Duggal scheduled a meeting and invited Magley. During the meeting, Aaron explained that the drafted a Microsoft Managed Services contract created without Magley's involvement would not be effective and would not work as drafted. The draft Sadhna created was a mess and needed significant reworking. When Magley attempted to offer her input and suggestions, Sadhna interrupted Magley constantly and dismissed her suggestions. Aaron admitted that the draft was "awful." With Aaron's permission, Magley rewrote the draft and submitted it to Aaron.

13. The Human Resources representative (Liz Smith) was very favorable to Ms. Magley in emails dated 5/26/21-5/27/21, and even offered to be a reference in finding Magley a new position.

14. When IS presented the severance agreement to Magley, she refused to sign it.

15. Magley also worked 12-18 hours a day and was not paid overtime consistent with the Fair Labor Standards Act ("FLSA"). Magley has copies of the timesheets showing the extensive overtime she worked over many months.

Magley did not receive an annual pay increase or overtime pay or bonuses over her 1.5 years of employment.

16. Magley was forced to resign after she reported the cursing and the Dilbert age-related cartoon to her supervisor, Matt Casperson, who then offered the option to bring in human resources to address the issues.  Magley declined and instead asked Casperson to speak with the team to resolve the disrespect directed towards her so it would never occur again.  Unfortunately, Casperson ignored her request and immediately scheduled Magley to attend an HR remediation session. Magley, of course, considered the disrespect of cursing at her and using the Dilbert age-related cartoon image in a formal client presentation as a pretext for age discrimination.

17. Given IS's inappropriate and bullying conduct directed toward Magley, she was forced to submit her resignation.  Indeed, the IS co-owners admitted that IS was liable to Magley and asked her to rescind her resignation.

18. Upon plaintiff's resignation on May 25, 2021, IS Human Resources representative (Liz Smith) offered Magley four (4) weeks  as severance pay upon her resignation only if Magley was willing to sign a document stating that she would not file a formal complaint or lawsuit.

19. IS also misclassified Magley's position as "exempt" when she was actually a "non-exempt" employee.  Despite her "Program Manager" title, she did not

supervise any IS employees and her consulting role did not satisfy the administrative exemption to the payment of overtime wages -- her consulting role was not an integral part of IS's operations.   As a result of IS's misclassification, IS denied her approximately 281 hours of overtime wages to which she is entitled.

20. IS also harassed her by repeatedly asking Magley to sign a separation agreement for approximately 120 hours of pay in return for Magley's agreement to waive and release all putative claims against IS and IS management. To  this day, Smith continues to harass Magley to sign the severance agreement. Magley has refused to do so.

## CAUSES OF ACTION

Magley lodges the  following causes of action based on her Complaint allegations:

## COUNT ONE – AGE DISCRIMINATION

21. **Discrimination and Hostile Work Environment.**   Defendant IS discriminated against Magley because of her age, 59.  IS employees placed a derogatory photograph on a PowerPoint presentation give to an IS customer, namely, a Gilbert cartoon negatively featuring Magley as an "old" woman. This PowerPoint was created by two IS employees, both of whom were in

their 30s.  In turn, IS manufactured pretextual reasons for creating a hostile
work environment ("HWE") directed at Magley.  IS's decisions and conduct
were not legitimate, non-discriminatory reasons under any stretch of the
imagination.  Indeed, the opposite is true: IS created an HWE, through much
younger employees, to harass Magley and force her to work under
discriminatory conditions because of her age.  But for her age, she would not
have been subjected to an age-related HWE.

22. **Retaliation.**  Defendant IS also retaliated against Magley in violation of the
ADEA.  Shortly after she complained about the age-related derogatory
PowerPoint presentation and other age-related conduct directed toward her
during her IS employment, IS conceded that it took no  remedial action to
address her discrimination complaints. IS's inappropriate conduct and failure
to act caused IS constructively forced Magley from her IS employment.

23. **Constructive Discharge.**  IS constructively discharged Magley by making
her work conditions so intolerable that she was forced to resign.  IS employees
in their 30s subjected Magley to an age-related discriminatory work
environment and other disrespectful comments and behavior directed toward
Magley.

24. Thus, Magley is entitled to a judgement in her favor on her ADEA
discrimination claims.

## COUNT TWO – FLSA OVERTIME CLAIM

25. During her employment with IS, Magley worked approximately 133 hours of overtime between November and December 2020. Plaintiff also worked 148 hours of overtime between December 2020 and May 2021. Magley has documented the hours worked over 40 during a work week. IS treated her as an "exempt manager" under the FLSA and, therefore, refused to pay her for overtime wages worked during her IS employment. IS misclassified Magley as an "exempt manager" under the FLSA. Based on the FLSA's regulations, Magley's primary duty did not involve work integral to the Company's operation, nor did she have any supervisory authority over any other IS employees to qualify for any exemption from the FLSA's overtime pay requirements.

26. Plainly, Magley was a non-exempt employee with IS and entitled to overtime wages for all hours worked exceeding 40 hours during a work week. IS has failed to pay her any overtime pay for Magley's work that exceeded 40 hours during a work week. Magley, in turn, is entitled to liquidated damages predicated on the Company's willful violation of the FLSA overtime provisions. IS knew that it misclassified Magley as an exempt employee but failed to pay her for overtime wages worked.

## CONCLUSION

27. Based on the factual allegations in Magley's Complaint, as applied to her causes of action, Magley requests the following damages:

    a. Backpay for lost wages;

    b. Front pay or lost future damages;

    c. Emotional distress damages;

    d. Liquidated damages on Plaintiff's FLSA overtime claim;

    e. Punitive damages;

    f. Attorney's fees; and

    g. Post-and pre-judgment interest on a final judgment in Magley's favor.